UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **GLENN DAMOND (#394537)** | **CIVIL ACTION** |
| **VERSUS** | |
| | **22-490-BAJ-RLB** |
| **CITY OF BATON ROUGE, ET AL.** | |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on December 20, 2022.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**GLENN DAMOND (#394537)**                                               **CIVIL ACTION**

**VERSUS**

**22-490-BAJ-RLB**

**CITY OF BATON ROUGE, ET AL.**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The *pro se* plaintiff, an inmate confined at the Rapides Parish Detention Center, Alexandria, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against 22 defendants complaining that his constitutional rights were violated while housed at the East Baton Rouge Parish Prison[1]. The plaintiff requests monetary relief in the form of $18,582,760,000 in compensatory damages and $1,910,400,000 in punitive damages.

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action or claim brought by a prisoner who is proceeding *in forma pauperis* or is asserting a claim against a governmental entity or an officer or employee of a governmental entity if satisfied that the action or claim is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action or claim is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992), *citing Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hicks v. Garner*, 69 F.3d 22, 24-25 (5th Cir. 1995). A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Id*. at 32-33. A claim has no arguable basis in

---

[1] Names as defendants are: City of Baton Rouge, Lallie Kemp Regional Medical Center, East Baton Rouge, LLC, Dr. C. Mary, Lashun Robinson, Velma Hammond, Te untay Ginn, Carol Davis, Janice Martin, Thomas Eskola, Darryl Anderson, Will Mitchell, Dennis Grimes, Edward Peterson, Cheri Leaders, L. Snowden, Joyce Brown, Unknown Foussell, D. Fields, S. Locizero, and Holly Guerin.

law if it is based upon an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998). The law accords judges not only the authority to dismiss a claim which is based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations. *Denton v. Hernandez, supra*, 504 U.S. at 32. Pleaded facts which are merely improbable or strange, however, are not frivolous for purposes of § 1915. *Id*. at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). A § 1915 dismissal may be made any time, before or after service or process and before or after an answer is filed, if the court determines that the allegation of poverty is untrue; or the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) and *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

In his Complaint, which spans 190 pages with the included attachments, the plaintiff complains of his medical care and conditions of confinement while housed at the East Baton Rouge Parish Prison from December of 2019 to January of 2021.

A case may be dismissed as malicious if it duplicates claims that the same plaintiff has raised in previous or pending litigation. *Pittman v. Moore,* 980 F.2d 994, 994–95 (5th Cir.1993); *Wilson v. Lynaugh,* 878 F.2d 846, 850 (5th Cir.1989); *Lewis v. Secretary of Public Safety and Corrections*, 508 F. App' x. 341, 343-44 (5th Cir. 2013).  A case is duplicative if it involves "the same series of events" and allegations of "many of the same facts as an earlier suit." *Bailey v. Johnson,* 846 F.2d 1019, 1021 (5th Cir.1988).

The plaintiff has now filed suit regarding the same series of events, against many of the same defendants, ***eight*** times. The first suit was filed on May 11, 2020, and was voluntarily

dismissed by the plaintiff. *See Damond v. Janice Martin, et al*., No. 20-cv-299-SDD-EWD. The plaintiff's second suit was filed on June 29, 2020, and the plaintiff again voluntarily dismissed his complaint. *See Damond v. State of Louisiana, et al*., No. 20-cv-420-SDD-EWD. The plaintiff's third suit was filed on July 1, 2020 and was dismissed for failure to state a claim upon which relief may be granted.[2] *See Damond v. State of Louisiana*, et al., No. 20-cv-437-JWD-RLB. On August 25, 2020, the plaintiff filed his fourth suit which was dismissed for being duplicative of No. 20-cv-437. *See Damond v. Sid Gautreaux, III, et al*., No. 20-cv-550-JWD-RLB. The plaintiff's appeal of this matter was dismissed as frivolous, and the plaintiff was warned "that any pending or future frivolous or repetitive filings in this court or any court subject to this court's jurisdiction may subject him to additional sanctions, and he is directed to review all pending matters and move to dismiss any that are frivolous, repetitive, or otherwise abusive."[3]

On September 24, 2020, the plaintiff filed his fifth suit and again voluntarily dismissed his complaint. *See Damond v. Martin, et al*., No. 20-640-JWD-SDJ. The plaintiff's sixth suit was filed on December 9, 2020. *See Damond v. Department of Public Safety and Corrections, et al*., No. 20-cv-839-JWD-RLB. This matter was extensively litigated, and ultimately dismissed on August 10, 2022. In the meantime, the plaintiff filed his seventh suit on January 13, 2022, which he again voluntarily dismissed. *See Damond v. City of Baton Rouge, et al*., No. 22-cv-37-JWD-EWD.

Despite the warning regarding additional sanctions, the plaintiff has now filed his eighth suit regarding his confinement at the East Baton Rouge Parish prison December of 2019 to January of 2021.The plaintiff has restated the same claims asserted in 20-cv-839 but asserts that he is now additionally complaining of ailments or illnesses he has since contracted due to the

---

[2] His appeal was dismissed as frivolous. *See* No. 20-cv-437 at R. Doc. 25.
[3] *See* 20-cv-550 at R. Doc. 40.

conditions of confinement and medical treatment received in the aforementioned time period. As such, the instant mater is duplicative as it involves the same series of events and allegations of many of the same facts as 20-cv-839. Accordingly, this matter should be dismissed as malicious.

To the extent that the plaintiff's allegations may be interpreted as seeking to invoke the supplemental jurisdiction of this court over potential state law claims, a district court may decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons. 28 U.S.C. § 1367. In the instant case, having recommended that the plaintiff's federal claims be dismissed, the Court further recommends that the exercise of supplemental jurisdiction be declined.

## RECOMMENDATION

It is recommended that the Court decline the exercise of supplemental jurisdiction over any potential state law claims, and that this action be dismissed, with prejudice, for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e) and 1915A.[4] It is further recommended that the plaintiff's pending Motions (R. Docs. 2, 3, and 4) be denied as moot.

Signed in Baton Rouge, Louisiana, on December 20, 2022.

_____
RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

---

[4] The plaintiff is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."